UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DAVID M. SIMMS,
    *Plaintiff-Appellant,*

v.

MR. EDMONDS, Treatment of
Programs; MS. WINGFIELD,
Treatment of Programs; M. E.
HANKINS, Food Services Manager,
    *Defendants-Appellees.*

No. 00-6868

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CA-00-244-7)

Submitted: October 20, 2000

Decided: November 3, 2000

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

David M. Simms, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

David M. Simms is a Virginia prison inmate confined at Bucking-
ham Correctional Center (BCC). In this complaint filed pursuant to
42 U.S.C.A. § 1983 (West Supp. 2000), Simms asserts that Appellees,
who work in the treatment and food services programs at BCC, have
infringed his First Amendment right to free exercise of his religion.
Simms asserts that he is a member of the Rastafarian religion. He
claims that he is unable to observe the dietary laws of his religion,
principally a diet containing no meat or meat products like cheese,
milk, or eggs. Without obtaining an answer to the complaint, the dis-
trict court concluded that because Simms should be able to obtain
adequate nourishment by picking and choosing from the regular
menu, he has no First Amendment claim. The court also rejected a
claim that Simms was denied equal protection of the laws because
Muslim and Jewish inmates were able to receive a special menu. The
court held that there is a rational basis for this distinction, as Muslim
and Jewish inmates could not satisfy the dietary requirements of their
religions through the regular menu.

As the district court correctly stated, prison inmates retain First
Amendment protection of the free exercise of religion. *O'Lone v.
Estate of Shabazz*, 482 U.S. 342, 348 (1987). But an inmate's consti-
tutional right can be limited to achieve legitimate penological objec-
tives. *Id.* A regulation or prison practice that infringes on an inmate's
constitutional rights is valid if it is reasonably related to such a legiti-
mate objective. *Turner v. Safley*, 482 U.S. 78, 89 (1987). In assessing
whether a disputed prison regulation or practice is so reasonably
related, there are several relevant factors to consider, including: (1)
whether there is a valid connection between the disputed practice and
the limit required by the penological objective; (2) whether the inmate
has alternate ways of exercising the right in question; (3) what impact
accommodation of the right has on other inmates, guards, and prison

operations in general; and (4) whether there is an obvious alternative to the prison practice or regulation. *Turner*, 482 U.S. at 89-90. Thus, an inmate has the constitutional right to obtain adequate nourishment from prison foods permitted by his religious dietary rules, unless the prison's failure to provide such foods is reasonably related to a legitimate penological interest. *See Benjamin v. Coughlin*, 905 F.2d 571, 579 (2d Cir. 1990).

A dismissal under 28 U.S.C. § 1915(e)(2) (West Supp. 2000), receives de novo review. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). In reviewing the district court's dismissal for failure to state a claim on which relief can be granted, Fed. R. Civ. P. 12(b)(6), we must construe the complaint in the light most favorable to the plaintiff, accepting all factual allegations as true. Such a dismissal is affirmed only if we conclude that plaintiff would be entitled to no relief under any facts that could be proved in support of the claim. *Estate Const. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 218 (4th Cir. 1994). We are especially solicitous in applying this standard in a civil rights complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

A reading of all the materials in the record, including Simms's motion for preliminary injunction, suggests that because Simms is confined on administrative segregation he is unable to select from the regular menu, but must accept food that is sent to him, frequently including meat or meat products. In addition, it is not clear that a meat substitute that is not a meat product such as cheese or eggs is regularly available. Because Appellees were not served with the complaint, they have not asserted a penological objective requiring that Simms's religious rights be affected.

In sum, while the district court might legitimately conclude that the practices at BCC do not impinge on Simms's First Amendment rights or that a legitimate penological objective justifies restrictions on his rights, such conclusions are premature on the basis of the record before us. Therefore, we vacate the decision of the district court and remand for further proceedings. We deny Simms's motion for records. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*